IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PROCACCI BROS. SALES CORP.          :          CIVIL ACTION
                                    :
            v.                      :
                                    :
FOUR RIVERS PACKING CO., INC.       :          NO. 09-cv-04067-JF

MEMORANDUM

Fullam, Sr. J.                                            April 1, 2010

        This case is an appeal from an order of the Secretary
of Agriculture entered in a reparation proceeding pursuant to the
Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.*
Four Rivers Packing Co., Inc. sold two carloads of onions to
Procacci Bros. Sales Corp. and shipped them from Idaho to
Philadelphia.  Upon arrival, however, the onions had developed an
excessive amount of rot and the consignee refused to pay for
them.  Thereupon, Four Rivers sought reparations under the
Commodities Act.  After a hearing in the administrative
proceeding, the Secretary of Agriculture rendered a decision,
finding (1) that Four Rivers had indeed breached its warranties
in connection with the quality of the onions, but (2) that the
consignee, Procacci Bros., should be required to pay a portion of
the contract price, because only a portion of the onions was
defective.  The Secretary ordered Procacci Bros. to pay Four
Rivers $34,385.33, plus interest, plus $300 in costs.  This
appeal followed.

        In accordance with applicable regulations, this Court
has held a trial *de novo* (non-jury), at which the administrative

record constituted most of the evidence, and the findings of fact of the Secretary are *prima facie* correct.

The decision appealed from is exceedingly thorough and complete, covering some 27 pages. Nothing which has been presented to this Court suffices to call into question the accuracy of the Secretary's factual findings and conclusions. I therefore have no hesitation in affirming the decision appealed from.

The undisputed evidence established (1) that, upon arrival of the carloads in Philadelphia, a significant percentage of the onions were rotting, but a significant percentage of the onions conformed to Four Rivers's warranties and were saleable; (2) that Procacci Bros. was put to some additional expense in sorting out the rotten onions and repackaging the good ones; and (3) that Procacci Bros. has not yet paid for any of the onions. The decision of the Secretary simply requires Procacci Bros. to pay for the good onions, at the contract price, after the re-packaging costs have been subtracted.

The principal thrust of Four Rivers's argument has been that the onions would not have rotted at all if the railroad company had provided adequate ventilation throughout the journey, hence Procacci Bros. should have sued the railroad for causing the diminution in value of the produce. But the railroad is not a party to these proceedings. Neither the Secretary nor this Court is authorized to decide issues involving the railroad; and nothing in the Secretary's decision stands as an obstacle to

possible imposition of ultimate liability upon the railroad in
appropriate proceedings.  This is, in short, a non-issue in the
present case.

I therefore affirm the decision appealed from.

An Order follows.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.